**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000056
19-APR-2013
08:44 AM**

NO. CAAP-12-0000056

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN RE RIGHTSTAR RELATED CASES

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-RIGHTSTAR)

MEMORANDUM OPINION
(By:  Foley, Presiding J., Fujise and Leonard, JJ.)

Intervenor/Plaintiff-Appellant Huntington National Bank (Huntington) appeals from the:

(1) November 17, 2011 "Order Granting Defendants The Essential Planning Group, Inc., Hal Martin, Steve Buss and Margaret Bowen's Motion to Dismiss Comerica Bank & Trust, N.A.'s Intervenor Complaint Treated as a Motion for Summary Judgment Under Rule 56";

(2) January 24, 2012 "Rule 54(b) Final Judgment for Defendants The Essential Planning Group, Inc., Hal Martin, Steve Buss and Margaret Bowen and Against Co-Intervenor-Plaintiffs Comerica Bank & Trust Co., N.A., and the Huntington National Bank";

(3) January 24, 2012 "Order Granting Defendants The Essential Planning Group, Inc., dba American Funeral & Cemetery Trust Services, Hal Martin, Steve Buss and Margaret Bowen's Motion For Certification Under Rule 54(b) Of Order Granting Summary Judgment On Complaint"; and

(4) January 24, 2012 "Order Denying Intervenor-Plaintiff The Huntington National Bank's Motion to Reconsider the Order Granting Defendants The Essential Planning Group, Inc., Steve Buss and Margaret Bowen's Motion to Dismiss Comerica Bank & Trust, N.A.'s Intervenor Complaint Treated as a Motion for Summary Judgment under Rule 56, File November 17, 2011, and State of Hawai'i's Joinder" all entered in the Circuit Court of the First Circuit[1] (circuit court).

This appeal is part of a larger dispute involving multiple parties involved with the RightStar trusts. The primary parties in this appeal are Huntington for the Amended RightStar Resolution Agreement (ARRA) Pooled Claims Representation, and Defendants-Appellees The Essential Planning Group, Inc., dba American Funeral & Cemetery Trust Services, Hal Martin, Steve Buss and Margaret Bowen (collectively, AFCTS).

On appeal Huntington contends the circuit court erred when it:

(1) converted AFCTS's motion to dismiss into a motion for summary judgment and failed to give the parties prior notice and opportunity to present all pertinent evidence;

(2) granted AFCTS's motion to dismiss, which the court converted into a motion for summary judgment, and entered a final judgment in favor of AFCTS dismissing the Intervenor Complaint; and

(3) denied Huntington's motion for reconsideration.

## I.  BACKGROUND

In 2001, RightStar International (RightStar) created a trust to provide pre-need funeral and cemetery services and designated AFCTS as RightStar's agent to manage the pre-need service trust funds. RightStar and AFCTS amended the agreement in July 2001, naming AFCTS as agent to administer perpetual care funds and pre-need trusts for each RightStar entity. AFCTS continued to serve in this capacity for RightStar and the

---

[1]     The Honorable Rhonda A. Nishimura presided.

subsequent receiver from 2001 through 2004. RightStar allegedly misused pre-need trust funds from 2002 through 2004.

This is an appeal from consolidated cases known collectively as In re RightStar Related Cases. The circuit court[2] consolidated the following fourteen cases in this matter:

| | |
|---|---|
| 04-1-2112 | Bennett v. Hawaii Cemetery |
| 04-1-2126 | Vestin v. RightStar AMG |
| 05-1-0712 | IFC v. HIP |
| 06-1-0383 | ADP v. Dooley |
| 06-1-0384 | Vestin v. Derizo |
| 06-1-0385 | Vestin v. Chang |
| 06-1-0386 | Vestin v. Edgecore |
| 06-1-0387 | Vestin v. di Mauro-Pender |
| 06-1-0388 | Vestin v. Newby |
| 06-1-0389 | Vestin v. Haffner |
| 06-1-0390 | Vestin v. Moses |
| 06-1-0391 | Vestin v. American Media |
| 06-1-0392 | Vestin v. IFC |
| 06-1-0679 | Vestin v. State of Hawaii |

Litigation began with Bennett v. Hawaii Cemetery and Funeral Trusts, et al., Civil No. 04-1-2112, an action brought by the State of Hawai'i (State) as parens patriae in 2004, and continued with various actions including a third party action brought by Vestin Mortgage, Inc. (Vestin), Vestin Mortgage, Inc., v. State of Hawai'i, et al., Civil No. 06-1-0679.

In 2004, Comerica Bank & Trust, N.A. (Comerica) became successor trustee for the RightStar trusts. In May 2007, the State, Vestin, and Comerica executed the RightStar Resolution Agreement (RRA) and agreed to terminate claims against each other while pursuing recovery from RightStar defendants. In 2009, the State, Vestin, and Comerica amended the RRA. In the Amended RightStar Resolution Agreement (ARRA), the parties agreed to stay RightStar litigation for six years and pursue pooled claims against former trustees and third parties. The ARRA created a

---

[2] The Honorable Sabrina S. McKenna presided.

claim sharing agreement whereby a "Recovery Team" would pursue claims on behalf of the State, Vestin, and Comerica.

On September 8, 2010 Comerica filed a "Motion to Intervene And To File Intervenor Complaint" in the Bennett and 2006 Vestin actions as the successor trustee for the ARRA Recovery Team. The circuit court[3] granted Comerica's motion to intervene on February 15, 2011. On February 16, 2011, Intervenor-Plaintiff Comerica as Successor Trustee filed an Intervenor Complaint against Defendants-Appellees John F. Dooley; Richard Bricka; Kathy Hoover; Charles C. Cashner; Douglas G. Draper; Steven C. Dugan; Bruce Dooley; Stephen E. Harris; M. Tyler Pottenger; Reed B. Rohrer; John D. Waihee; Verner, Liipfert, Bernhard, McPherson and Hand; Cantella & Co., Inc.; Lance Newby; John Turner; American Funeral & Cemetary Trust Services; Hal Martin; Steve Buss; Margaret Bowen; Estate Admististrative Services, Inc.; The Mortgage Group; James A. Wager; Wagner Choi and Verbrugge; and John Does 1-10.

On March 10, 2011, the State and Comerica filed a joint motion to replace Comerica as trustee and real party in interest. AFCTS filed a motion to dismiss the Intervenor Complaint on March 31, 2011. On April 25, 2011, Comerica and the State filed a "Notice of Designation of Huntington National Bank as Chapter 441 Replacement Trustee Under Joint Motion of State of Hawai'i and Comerica Bank & Trust, N.A. As Trustee" naming Huntington as trustee for the "RightStar Trusts" and the "Recovery Trust" established by the ARRA. This notice also named Huntington the nominal plaintiff to pursue claims for the ARRA Recovery Team. On May 31, 2011, the circuit court entered an order granting the motion to name Huntington as the replacement trustee, but denying the motion to name Huntington as the real party in interest.

Comerica and the State filed a motion for reconsideration and/or clarification and the circuit court named Huntington co-plaintiff with Comerica on the Intervenor

---

[3]     The Honorable Sabrina S. McKenna presided.

4

Complaint.  The circuit court clarified Huntington's position as trustee of the "Trust Recovery Mechanism", giving them authority to pursue claims as the plaintiff for the ARRA Recovery Team.

The circuit court heard AFCTS's motion to dismiss on June 23, 2011 and again on July 12, 2011.  The circuit court converted the motion to dismiss into a motion for summary judgment and granted the motion.  Huntington filed a motion for reconsideration on November 11, 2011.  On January 24, 2012, the circuit court entered an order denying Huntington's motion for reconsideration filed November 17, 2011.  Huntington filed a notice of appeal on January 27, 2012.

## II.   STANDARD OF REVIEW

### A. Summary Judgment

The appellate court reviews "the circuit court's grant or denial of summary judgment de novo."  Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (quoting Durette v. Aloha Plastic Recycling, Inc., 105 Hawai'i 490, 501, 100 P.3d 60, 71 (2004)).

> The Hawai'i Supreme Court has often articulated that
>
> summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.  The evidence must be viewed in the light most favorable to the non-moving party.  In other words, we must view all of the evidence and the inferences drawn therefrom in the light most favorable to the party opposing the motion.

Querubin, 107 Hawai'i at 56, 109 P.3d at 697 (quoting Durette, 105 Hawai'i at 501, 100 P.3d at 71).

Hawai'i Rules of Civil Procedure (HRCP) Rule 56(e) provides in relevant part:

> **Rule 56.  Summary judgment.**
> . . . .
>
> (e) Form of affidavits; further testimony; defense required. . . . When a motion for summary judgment is made . . . , an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but

> the adverse party's response, by affidavits or as otherwise
> provided in this rule, must set forth specific facts showing
> that there is a genuine issue for trial.  If the adverse
> party does not so respond, summary judgment, if appropriate,
> shall be entered against the adverse party.

Thus, "[a] party opposing a motion for summary judgment cannot discharge his or her burden by alleging conclusions, 'nor is [the party] entitled to a trial on the basis of a hope that [the party] can produce some evidence at that time.'"  Henderson v. Prof'l Coatings Corp., 72 Haw. 387, 401, 819 P.2d 84, 92 (1991) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2727 (1983)).

### III.  DISCUSSION

Huntington contends the circuit court erred in its decision to convert the motion to dismiss into a motion for summary judgment inasmuch as: (1) the materials submitted by both AFCTS and Huntington were not materials outside the pleadings, and (2) the circuit court denied Huntington notice and opportunity by denying any leave to submit affidavits.

Huntington asserts that the exhibits submitted by both parties were alleged in the pleadings and, thus, not outside the pleadings.  AFTCS submitted the memorandum in support of the motion to dismiss with three exhibits: an email sent from the Deputy Attorney General to the counsel for AFTCS; a copy of the 2003 RightStar Agreement with AFTCS; and a declaration from the President and Chief Financial Officer of AFCTS, Craig Martin. Huntington then submitted a memorandum in opposition with ten attached exhibits: the 2001 RightStar agreement with AFTCS, the July 2001 agreement between RightStar and AFCTS, three sealed exhibits, the December 8, 2004 Order Granting Appointment of Receiver Pendente Lite, the May 2007 agreement between RightStar and AFCTS, the 2009 agreement between RightStar and AFCTS, and Combs v. Bigelow & Lombardi, No. 28773, 2010 Haw. App. LEXIS 25 (Jan. 27, 2010).  At the June 23, 2011 hearing on the motion to dismiss, the parties referred the court to the attached exhibits during arguments on the motion.  At the July 12, 2011 hearing the

circuit court converted the motion to dismiss into a motion for summary judgment in light of the exhibits submitted to the circuit court for consideration.

Hawai'i law is well settled that when a party presents a motion to dismiss and refers the court to materials outside the pleadings, the court may convert the action into a motion for summary judgment.[4] Wong v. Cayetano, 111 Hawai'i 462, 476, 143 P.3d 1, 15 (2006).

The circuit court did not err in concluding that the exhibits and documents submitted by both parties required the circuit court to treat the motion as a motion for summary judgment.

Huntington contends that even if the circuit court did not err in converting the motion to dismiss into a motion for summary judgment, the circuit court erred by failing to give Huntington proper notice or opportunity to present materials. Huntington claims the circuit court decision to convert the motion unduly prejudiced Huntington by denying any opportunity to present materials in support of their position. Huntington did not, however, state what materials it could present or what discovery may have been required, to oppose the motion for summary judgment as to the statute of limitations. As such, this case is distinguishable from Ralston v. Yim, 129 Hawai'i 46, 292 P.3d 1276 (2013).

HRCP Rule 12(c) provides that once a motion on the pleadings has been converted into a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." HRCP Rule 12(c). Notice and opportunity can be accomplished through the party's recognition that the opposing party relied on materials

---

[4] Hawai'i Rules of Civil Procedure (HRCP) Rule 12(c) provides in part, "[i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]" HRCP Rule 12(c).

outside the pleadings in the motion. Gonsalves v. First Ins. Co., 55 Haw. 155, 161, 516 P.2d 720, 724 (1973).

Huntington presented ten exhibits for the circuit court's consideration. Huntington cannot claim to be surprised by the circuit court's decision to convert the motion when it submitted outside materials with its memorandum in opposition. During the June 23, 2011 hearing both the movant and Huntington referred the circuit court to attached exhibits during arguments on the motion. The circuit court did not deprive Huntington of notice or opportunity when Huntington's own actions should have put it on notice.

Huntington asserted three claims against AFCTS: negligence, intentional interference with contract, and aiding and abetting breach of fiduciary duty. All claims against AFCTS arose from the alleged misuse of trust funds that occurred from 2001 until 2004. AFCTS contended Huntington's claims were outside the statute of limitations and did not relate back to the original complaints. Though Huntington intervened into ongoing litigation, neither Bennett nor Vestin named AFCTS as a party. Huntington's intervenor complaint added AFCTS as a party to the RightStar litigation.

Huntington contends the applicable statute of limitations is Hawaii Revised Statutes (HRS) § 657-1 (1993 Repl.), which provides that actions "shall be commenced within six years next after the cause of action accrued[.]" Even if HRS § 657-1 applied, the claims against AFCTS accrued by 2004 and Huntington did not file the Intervenor Complaint until February 2011, seven years after the accrual of claims against AFCTS.

Huntington contends its claims relate back to the Bennett and Vestin actions. Relation back allows for a subsequent pleading that arises from the same transaction or occurrence to "relate back" to an earlier pleading, thus preserving the statute of limitations for that subsequent pleading. See, e.g., HRCP Rule 15(c); See also, Fujimoto v. Au, 95 Hawai'i 116, 142, 19 P.3d 699, 725 (2001) (applying relation

8

back to HRCP Rule 17(a)). Under the theory of "relation back," courts can allow for amended pleadings to add or substitute parties to litigation and to present additional claims. Kest v. Hana Ranch, Inc., 7 Haw. App. 565, 570, 785 P.2d 1325, 1329 (1990) (citing Meredith v. United Air Lines, 41 F.R.D. 34, 39 (S.D. Cal. 1966); Gridley v. Sayre & Fisher Co., 409 F.Supp. 1266 (D.S.D. 1976)). The original pleadings must put the defendant on notice of the claims and parties that may arise for the subsequent pleading to relate back without subjecting the defendant to undue prejudice. Id. (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1497 (1971)). To avoid abuse or prejudice, courts "[restrict] relation back to situations involving honest or understandable mistakes to prevent plaintiffs from using the rule to join or substitute persons whose interests were not contemplated from the beginning of the suit." Fujimoto v. Au, 95 Hawai'i 116, 143, 19 P.3d 699, 726 (2001) (citing Rinke v. Johns-Manville Corp., 47 Wash. App. 222, 230, 734 P.2d 533, 538 (1987)) (internal quotation marks omitted).

In this case, the original pleadings did not provide AFCTS with adequate notice. Neither Bennett nor Vestin named AFCTS as a defendant. The original pleadings provided no notice to AFCTS of the claims subsequently brought against them. As such, Huntington may not use relation back to bring claims against AFCTS beyond the statute of limitations since AFCTS would suffer unfair prejudice.

Huntington contends the statute of limitations equitably tolled while Huntington awaited authority to pursue claims on behalf of the ARRA.

Equitable tolling allows claims to be asserted beyond the expiration of the statute of limitations when the claimant has diligently pursued its rights, and "extraordinary circumstance" prevented filing within the statute of limitations. Office of Hawaiian Affairs v. State, 110 Hawai'i 338, 360, 133 P.3d 767, 789 (2006) (internal quotation marks omitted).

Huntington's assertion of equitable tolling fails because no party to the RightStar litigation pursued claims against AFCTS and Huntington points to no extraordinary circumstance preventing filing within the statute of limitations.

Therefore, the circuit court did not err in granting summary judgment where the statute of limitations bars Huntington's claims against AFCTS.

Huntington presented no argument to support a review of the motion for reconsideration. Therefore, this point is waived under Hawai'i Rules of Appellate Procedure Rule 28(b)(7).

## IV. CONCLUSION

Therefore, the

(1) November 17, 2011 "Order Granting Defendants The Essential Planning Group, Inc., Hal Martin, Steve Buss and Margaret Bowen's Motion to Dismiss Comerica Bank & Trust, N.A.'s Intervenor Complaint Treated as a Motion for Summary Judgment Under Rule 56";

(2) January 24, 2012 "Rule 54(b) Final Judgment for Defendants The Essential Planning Group, Inc., Hal Martin, Steve Buss and Margaret Bowen and Against Co-Intervenor-Plaintiffs Comerica Bank & Trust Co., N.A., and the Huntington National Bank";

(3) January 24, 2012 "Order Granting Defendants The Essential Planning Group, Inc., dba American Funeral & Cemetery Trust Services, Hal Martin, Steve Buss and Margaret Bowen's Motion For Certification Under Rule 54(b) Of Order Granting Summary Judgment On Complaint"; and

(4) January 24, 2012 "Order Denying Intervenor-Plaintiff The Huntington National Bank's Motion to Reconsider the Order Granting Defendants The Essential Planning Group, Inc., Steve Buss and Margaret Bowen's Motion to Dismiss Comerica Bank & Trust, N.A.'s Intervenor Complaint Treated as a Motion for Summary Judgment under Rule 56, File November 17, 2011, and State

of Hawai'i's Joinder" all entered in the Circuit Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawai'i, April 19, 2013.

On the briefs:

Michael A. Lilly
Stephen A. Jones
(Ning, Lilly & Jones)
and
Lawrence P. Eagel, pro hac vice
Jeffrey H. Squire, pro hac vice
David J. Stone, pro hac vice
(Bragar Wexler Eagel & Squire)
and
Thomas M. Franklin, pro hac vice
(The Franklin Law Firm)
for Intervenor/Plaintiff-
Appellant The Huntington
National Bank.

Michael W. Gibson
Francis P. Hogan
(Ashford & Wriston)
for Defendants-Appellees
The Essential Planning Group,
Inc., dba American Funeral &
Cemetery Trust Services, Hal
Martin, Steve Buss and Margaret
Bowen.

Presiding Judge

Associate Judge

Associate Judge